FILED
7/13/2023 8:43 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Shunta Jackson DEPUTY

3 CIT ESERVE
JURY DEMAND

CASE NO. DC-23-09459
_____

| | | |
|---|---|---|
| MS. DOE, as Next Friend of JANE DOE, an Incapacitated Person, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| V. | § § | |
| DALLAS AREA RAPID TRANSIT; IRVING HOLDINGS, INC.; and MOHAMMAD IZHAR UL HAQ ANSARI, | § § § § § § | DALLAS COUNTY, TEXAS |
| | § | 192nd |
| Defendants. | § | ____ JUDICIAL DISTRICT |

## **PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE COURT:

Plaintiff, Ms. Doe, as Next Friend of Jane Doe, an Incapacitated Person, complains of Defendants Dallas Area Rapid Transit ("DART"), Irving Holdings, Inc. ("Irving"), and Mohammad Izhar Ul Haq Ansari ("Ansari"), and would respectfully show the Court as follows:

### I.

### **PARTIES**

1.  Plaintiff Ms. Doe is an individual and citizen of the State of Texas and is the Next Friend of Jane Doe, an Incapacitated Person.

2.  Defendant DART is a government entity operating in Dallas County,

PLAINTIFF'S ORIGINAL PETITION - Page 1 of 15

**Exhibit 4**

Dallas, Texas, and regularly does business in the State of Texas. This Defendant regularly conducts business in the State of Texas, with its principal place of business located at 1401 Pacific Avenue, Dallas, Texas 75202. This Defendant may be served with a citation and petition at its main business address by serving its <u>President and Chief Executive Officer, Nadine S. Lee, DART, 1401 Pacific Avenue, Dallas, Texas 75202</u>.

3.  Defendant Irving Holdings, Inc. is a domestic for-profit corporation organized under the laws of the State of Texas. This Defendant regularly conducts business in the State of Texas, with its principal place of business located at 2515 Irving Blvd, Dallas, Texas 75207-5911. Service of process may be had upon this Defendant by serving a citation and petition to its Registered Agent at: <u>Jack Bewley, Irving Holdings, Inc., 2515 Irving Blvd, Dallas, Texas 75207-5911</u>.

5.  Defendant Mohammad Izhar Ul Haq Ansari is an individual and citizen of the State of Texas. Service of process may be served on this Defendant at: <u>Mohammad Izhar Ul Haq Ansari, 800 Regency Dr, Richardson, Texas 75080 or wherever found</u>.

## II.

## JURISDICTION

Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## III.

## NOTICE

Pursuant to the Texas Tort Claims Act and section 101.101 of the Texas Civil Practice and Remedies Code, Plaintiff has given Defendants proper notice of this claim.

## IV.

## VENUE

Venue is proper in Dallas County pursuant to §15.001 *et seq.* of the Texas Civil Practice & Remedies Code because a substantial part of the acts or omissions giving rise to Plaintiff's cause of action occurred in Dallas County, Texas, Defendants conduct business in Dallas County, Texas, and Defendant Irving Holdings, Inc. has it principal office in Dallas County.

## V.

## CLAIM FOR RELIEF

Plaintiff seeks relief in accordance with Rule 47(c)(4) of the Texas Rules of Civil Procedure.

## VI.

## FACTS

1.  Jane Doe is a mentally incapacitated female adult. She has intellectual disabilities, persistent major depressive disorder, and bipolar disorder. She has the

Exhibit 4

cognitive abilities of a 6-year-old child. Ms. Doe is her mother and legal guardian.

2. On or about December 28, 2021, in Collin County, Plano, Texas, Jane Doe, a mentally incapacitated female, and two other mentally incapacitated adults boarded a DART paratransit cab bearing a DART logo and operated in conjunction with Irving Holdings, Inc. The DART paratransit cab was supposed to bring Jane Doe and other riders back to their homes after activities at the adult day rehabilitation center, My Possibilities Adult Day Center in Plano, Texas.

3. The DART paratransit driver, Defendant Mohammad Izhar Ul Haq Ansari, was supposed to drop off Jane Doe second of the three passengers. Instead, Defendant Mohammad Izhar Ul Haq Ansari, dropped off all the other passengers before Jane Doe. This left Jane Doe alone in the vehicle with Defendant Ansari.

4. Defendant Ansari then drove Jane Doe to an unknown location in Richardson, Texas. Defendant Ansari lifted Jane Doe's shirt and groped and fondled her breasts, legs, and vagina.

5. The sexual assault was captured on video recording of the passenger compartment of the paratransit cab.

6. Defendant Ansari drove Jane Doe back to her home in Plano, Texas. As she exited the vehicle, Defendant Ansari said to Jane Doe "Are we still friends?"

7. Upon arriving home, Jane Doe told her mother and guardian, Ms. Doe that Defendant Ansari touched her private parts. Jane Doe immediately reported

the sexual assault to the Richardson Police Department and DART Police.

8. Defendant Ansari plead guilty to aggravated sexual assault, a first-degree felony, for this crime.

9. DART offers a paratransit service for special needs, mentally handicapped and disabled persons, which DART contracts out its paratransit services to Defendant Irving Holdings, Inc. DART was previously scheduled, through DART's paratransit website. Jane Doe was certified for DART's paratransit services and was noted as an ambulatory seat type of the paratransit services. Due to Jane Doe's status as an ambulatory seat type, DART paratransit should not have placed Jane Doe in a paratransit cab. DART paratransit and Irving Holdings, Inc. were specifically hired to drive Jane Doe to and from her day rehabilitation job at preset times and dates.

10. DART has a history of its drivers sexually assaulting its special needs customers, such as Jane Doe. These drivers discriminate and target special needs individuals because they are less able to protect against sexual assault, are dependent on DART's services for transportation, are less likely to understand that they are being sexually assaulted, and are less likely to be believed when they report sexual assaults.

11. Defendants' actions and inactions were a proximate cause of Jane Doe's injuries and subsequent damages.

Exhibit 4

## VII.

## CAUSES OF ACTION AGAINST
## DEFENDANTS DART AND IRVING HOLDINGS, INC.

A.  **42 U.S.C. § 12132 Americans with Disabilities Act**

1. Jane Doe has intellectual disabilities, persistent major depressive disorder, and bipolar disorder and is a qualified individual with a disability pursuant to 42 U.S.C. §12131(2).

2. Jane Doe was denied the benefits of safe public transportation due to her disability. Jane Doe has intellectual disabilities, persistent major depressive disorder, and bipolar disorder. She has the cognitive ability of a 6-year-old child. Defendant Ansari targeted Jane Doe because as a mentally disabled individual she is more susceptible to grooming, less able to protect herself against sexual assault, and less likely to be believed if she reports the sexual assault. Jane Doe was denied the benefits of safe public transportation and/or was subjected to discrimination on the basis of her disability by Defendants.

3. Defendants owed a duty to all disabled patrons utilizing DART and Irving Holdings, Inc.'s Paratransit services, including Jane Doe, to protect them from harm, including sexual misconduct by their own staff, namely Defendant Ansari in this instance.

4. Defendants should have realized that their conduct involved an unreasonable risk of Jane Doe being sexually assaulted and the infliction of severe

emotional and mental distress or harm to Jane Doe by Defendants not properly monitoring Defendant Ansari while he was transporting the vulnerable Jane Doe

5.  At all relevant times, Defendants' acts and/or omissions show gross misjudgment or bad faith in discriminating against Jane Doe solely by reason of her disability. Defendants are aware of the heightened risk of sexual assault against disabled individuals such as Jane Doe. Indeed, Defendants have addressed and responded to similar incidents where their drivers sexually assaulted special needs customers, such as Jane Doe. Despite this known actual harm, Defendants failed to implement needed safety precautions to protect disabled individuals, such as Jane Doe.

6.  Defendants failed to comprehensively evaluate Jane Doe's specific needs and provide tailored appropriate services such as, but not limited to: requiring another employee to ride the paratransit cab to monitor activities; using a live camera feed to monitor activities within the paratransit cab; conducting random check-ins to monitor the paratransit cab; proper monitoring and communication with drivers to minimize unsupervised time with vulnerable passengers; and proper supervision and review of drivers.

7.  Defendants' discrimination was a proximate cause of Jane Doe's injuries and damages.

**B.     29 U.S.C. § 794 Rehabilitation Act**

1.     Jane Doe has intellectual disabilities, persistent major depressive disorder, and bipolar disorder and is a qualified individual with a disability under 29 U.S.C. §705(20).

2.     Jane Doe was otherwise qualified to ride the paratransit cab.

3.     Jane Doe Defendants received federal financial assistance for transporting Jane Doe.

4.     Defendants owed a duty to all disabled patrons utilizing DART's Paratransit services, including Jane Doe, to protect them from harm, including sexual misconduct by their own staff, namely Defendant Ansari in this instance.

5.     As a member of a vulnerable population, Jane Doe, solely by reason of her disability, was denied the benefits of safe public transportation and/or subjected to discrimination because of her disability. Defendant Ansari targeted Jane Doe because as a mentally disabled individual she is more susceptible to grooming, less able to protect herself against sexual assault, and less likely to be believed if she reports the sexual assault. Jane Doe was denied the benefits of safe public transportation and/or was subjected to discrimination on the basis of her disability by Defendants.

6.     Defendants should have realized that their conduct involved an unreasonable risk of Jane Doe being sexually assaulted and the infliction of severe

**Exhibit 4**

emotional and mental distress or harm to Jane Doe by Defendants not properly monitoring Defendant Ansari while he was transporting the vulnerable Jane Doe.

7. At all relevant times, Defendants knew or reasonably should have known of Jane Doe's disability. There was a paratransit eligibility process that requires a physician's verification of disability, which was successfully completed for Jane Doe to have been able to use these services.

8. At all relevant times, Defendants' acts and/or omissions show gross misjudgment or bad faith in discriminating against Jane Doe solely by reason of her disability. Defendants are aware of the heightened risk of sexual assault against disabled individuals such as Jane Doe. Indeed, Defendants have addressed and responded to similar incidents where their drivers sexually assaulted special needs customers, such as Jane Doe. Despite this known actual harm, Defendants failed to implement needed safety precautions to protect disabled individuals, such as Jane Doe.

9. Defendants' discrimination was a proximate cause of Jane Doe's injuries and damages.

## C. Texas Tort Claims Act

1. Defendant DART is governmental unit that retained Defendant Ansari as a paratransit cab driver. Defendant Irving Holdings LLC is a private entity and contractor of Defendant DART that retained Defendant Ansari as a paratransit cab

Exhibit 4

driver.

2. At the time of Jane Doe's injury, Defendant Ansari was negligently using and/or operating a paratransit cab within the course and scope of his employment with Defendants.

3. Defendant Ansari negligently used and/or operated the paratransit cab by failing to operate the paratransit cab according to its scheduled pick ups and drop offs, operating the cab outside of its required route, and operating the paratransit cab to arrive at a secluded location. Defendant Ansari's misuse of the paratransit cab allowed him to bring Jane Doe to a secluded location so that he could sexually assault her. Without the misuse of the paratransit cab, Defendant Ansari would not have been able to sexually assault Jane Doe. Defendant Ansari sexually assaulted Jane Doe in the paratransit cab.

4. Defendant Ansari would be personally liable to Jane Doe under Texas law.

5. Defendant Ansari's negligent use and/or operation of a motor vehicle proximately caused Jane Doe's injuries and damages.

6. Plaintiff gave Defendants written notice as required by the Texas Tort Claims Act and section 101.101(a) of the Texas Civil Practice and Remedies Code.

**Exhibit 4**

## VIII.

### CAUSE OF ACTION AGAINST DEFENDANT DART AND DEFENDANT MOHAMMAD IZHAR UL HAQ ANSARI

1. This cause of action is brought pursuant to 42 U.S.C. §1983.

2. Defendant DART is a local regional transit agency subject to a suit for damages pursuant to 42 U.S.C. §1983. Defendant DART operates public transportation services in the Dallas-Fort Worth metroplex. Defendant DART functions through those individuals operating public transit vehicle, including drivers for disabled passengers. Defendant Ansari was acting within the course and scope of his employment while driving Jane Doe to her home and remaining in the vehicle with Jane Doe.

3. Defendant Ansari, while acting under his authority and position as a public transit driver for Defendant DART, deprived Jane Doe of her constitutional rights by unlawfully detaining her in his vehicle and sexually assaulting her.

4. Defendant DART has a widespread practice of drivers abusing disabled passengers that is permanent and well-settled. There have been several reported sexual assaults by Defendant DART's drivers against disabled women.

5. Despite these prior sexual assaults, Defendant DART permitted drivers to deviate from the scheduled drop off of passengers, deviate from their scheduled route, failed to complete random check-ins, failed to monitor and/or review interior passenger compartment video footage, failed to require an

Exhibit 4

additional employee to be present during rides with mentally disabled passengers, implement other supervision procedures to protect disabled passengers, and/or adequately screen its drivers.

6.  In light of the prior history of sexual assaults, Defendant DART's failure to adequately supervise its drivers and/or adequately screen its drivers showed deliberate indifference to the likely constitutional violations Jane Doe and other disabled women would endure.

7.  But for the failure of Defendant DART's policies, practices, and/or customs, Jane Doe would have not been subjected to violations of her constitutional rights resulting in her being detained and sexually assaulted. Defendant DART's deliberate indifference, acts, and omissions were a proximate cause of Jane Doe's injuries and damages.

## IX.

## CAUSE OF ACTION AGAINST DEFENDANT MOHAMMAD IZHAR UL HAQ ANSARI

1.  Defendant Ansari made direct physical contact with Jane Doe's person. This contact was offensive and caused injury to Jane Doe. This contact included fondling of Jane Doe's breasts and vagina. Defendant Ansari's contact caused bodily injury to Jane Doe. Defendant Ansari knew or reasonably should have known that Jane Doe would regard the contact as offensive and provocative. Defendant Ansari's offensive physical contact caused injury to Jane Doe.

Exhibit 4

2. As a result of Ansari's conduct, Jane Doe has suffered, and will continue to suffer, severe emotional and mental distress or harm.

## X.

## DAMAGES

1. As a result of the incident described, Plaintiff has incurred medical expenses in the past and in all reasonable probability such medical expenses will continue in the future.

2. Plaintiff has experienced physical pain and suffering in the past and in all reasonable probability such physical pain and suffering will continue in the future.

3. Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

4. Plaintiff has incurred other post-incident expenses in the past and in all reasonable probability such other post-incident expenses will continue in the future.

## XI.

## PRESERVATION

Defendants are hereby given notice that any document or other material, including electronically stored information, including videos and photographs, that

may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## XII.

## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff claims interest in accordance with applicable law.

## XIII.

## JURY DEMAND

Plaintiff respectfully requests a jury trial.

## XIV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recover all her damages as specified above from Defendants, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled.

**Exhibit 4**

Respectfully submitted,

TURLEY LAW FIRM

/s/ *Lacey Turley Most*
Lacey Turley Most
State Bar No. 24093225
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
Email: laceym@wturley.com
         davette@wturley.com

ATTORNEY FOR PLAINTIFF