UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MS. DOE, as Next Friend of JANE DOE, an Incapacitated Person, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-1832-B |
| DALLAS AREA RAPID TRANSIT; IRVING HOLDINGS, INC.; MV TRANSPORTATION, INC.; and MOHAMMAD IZHAR-UL-HAQ ANSARI, | § § § § § § | |
| Defendants. | § | |

## ORDER

On June 13, 2024, the Court conducted a hearing on the proposed settlement reached between Plaintiff Jane Doe and Defendants Dallas Area Rapid Transit ("DART") and Irving Holdings, Inc. ("Irving"). After hearing from the parties and the Guardian ad Litem, the Court **APPROVES** the settlement.

Plaintiff Jane Doe is a mentally incapacitated adult who has the cognitive abilities of a 6-year-old child. Doc. 13, Am. Compl., 4. In December 2021, she boarded a DART paratransit cab to return to her adult-care facility in Plano, Texas. *Id.* However, the driver of the DART paratransit cab, Mohammad Izhar-Ul-Haq Ansari, did not return Jane Doe to her adult-care facility; he instead drove her to an unknown location in Richardson, Texas, where he proceeded to sexually assault Jane Doe. *Id.* at 4–5.

Following the assault, Jane Doe's mother—who is also her legal guardian—initiated the present civil litigation in state court on July 13, 2023. *See* Doc. 1-4, Pet. The case was subsequently

removed to federal court on the basis of federal question jurisdiction. *See* Doc. 1, Notice of Removal.

The operative complaint, which was filed on January 29, 2024, names four defendants: (1) DART; Irving; (3) MV Transportation, Inc. ("MV Transportation"); and (4) Ansari. Doc. 13, Am. Compl., 2–3. DART is the entity which offers the paratransit service which Jane Doe used on the day of the assault, but it contracts out its paratransit services entities such as Irving. *Id.* at 5.

On February 16, 2024, an Alternative Dispute Resolution Summary was filed, which indicated that Jane Doe had reached a settlement with DART and Irving. *See* Doc. 15, ADR Summary. The proposed settlement would resolve Jane Doe's claims against DART and Irving (collectively, "Settling Defendants") for a total of $200,000, which was to be placed in a Special Needs Trust for the benefit of Jane Doe. The parties further indicated that 33% of the proposed settlement was to be paid to Jane Doe's attorney as fees; an additional $4,032.95 from the settlement was also to be paid as costs and expenses.

On March 6, 2024, Plaintiffs moved to appoint a guardian ad litem to protect Jane Doe's interests in connection with the proposed settlement. *See* Doc. 16, Mot. According to Plaintiffs, a guardian ad litem was necessary "because Jane Doe is an incapacitated individual and there is a potential conflict of interest between Jane Doe and Ms. Doe, who serves as Next Friend, in this matter." *Id.* ¶ 6.

On April 1, 2024, the Court appointed Camille M. Knight as guardian ad litem for Jane Doe. *See* Doc. 21, Order. The Court's Order directed Ms. Knight to file with the Court a report which (1) described and analyzed the facts and issues of the case; (2) provided a breakdown of the attorneys' fees, including the attorneys' billable hours and what percentage of the total award the attorneys' fees comprise; (3) provided a similar breakdown of the guardian ad litem's fees; and (4)

listed any costs paid out of the settlement amount. *Id.* at 2. Ms. Knight submitted her report on May 10, 2024, and the Court set a hearing to approve the settlement for Friday, June 14, 2024. *See* Doc. 27, Order.

Having reviewed the parties' submissions and arguments, the recommendation and report of Ms. Knight, and the applicable law, the Court concludes that the proposed settlement should be approved.

Federal Rule of Civil Procedure 17 authorizes a court to appoint a guardian ad litem where "the interests of the [incapacitated person's] general representatives . . . may conflict with the interests of the person . . . who might otherwise be represented by such general representatives." *Gaddis v. United States*, 381 F.3d 444, 453 (5th Cir. 2004). "While federal procedure provides for the appointment of a guardian ad litem, 'the law of the [incapacitated person's] domicile—in this case, Texas—presumptively . . . would control in determining whether a guardian or next friend may settle a claim on the [incapacitated person's] behalf." *Hickson on behalf of Est. of Hickson v. City of Carrollton*, No. 3:18-CV-2747-B (BH), 2020 WL 5087781, at *2 (N.D. Tex. Aug. 25, 2020) (Ramirez, M.J.) (quoting *Jones v. Burke*, No. SA-14-CA-328-FB (HJB), 2015 WL 13545482, at *1 (W.D. Tex. Aug. 6, 2015), *report and recommendation adopted*, No. 3:18-CV-2747-B (BH), 2020 WL 5096680 (N.D. Tex. Aug. 27, 2020) (Boyle, J.); *see St. John Stevedoring Co. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987). Under Texas Rule of Civil Procedure 44(2), a guardian ad litem, "may with the approval of the court[,] compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit." TEX. R. CIV. P. 44(2).

However, "even if a guardian is properly appointed and agrees to the settlement, a judgment ratifying the compromise cannot be rendered without a hearing and evidence that the settlement

serves the [incapacitated person's] best interest." *Am. Guarantee & Liab. Ins. Co. v. ACE Am. Ins. Co.*, 990 F.3d 842, 848–49 (5th Cir. 2021) (citations omitted). The guardian ad litem must testify to "the contents and basis of her report at a prove up hearing." *De La Rosa v. Mr. Flatbeds Transp. Inc.*, No. 5:23-CV-00016, 2023 WL 7064248, at *3 (S.D. Tex. Oct. 20, 2023) (citations omitted), *report and recommendation adopted*, No. 5:23-CV-00016, 2023 WL 7064198 (S.D. Tex. Oct. 26, 2023). Specifically, the guardian ad litem,

> must testify that she had a reasonable time to acquaint herself with the facts and the law and that she is fully informed of the circumstances of the litigation, the needs and expectations of the [incompetent person], the facts of liability, the disputed nature of the causes of action, and the nature and extent of the damages claimed. [The guardian ad litem] must [also] consider the effects of entering into the settlement agreement and opine that the [incompetent person's] interests have been properly protected and that the proposed settlement is reasonable, fair and just, and in the [incompetent's] best interests.

*Id.*

In evaluating whether an agreement is fair and reasonable, courts consider the facts of the case, the relative certainty of the outcome of any litigation, and costs associated with such litigation. *Elkhayam v. Lufthansa German Airlines*, No. Civ.A. 304CV50K, 2005 WL 743054, at *1 (N.D. Tex. Apr. 1, 2005) (Ramirez, M.J.). The Court should consider whether the amount of compensation requested by the guardian ad litem appears reasonable. *De La Rosa*, 2023 WL 7064248, at *3.

The Court finds that the settlement is in the best interest of Jane Doe and thus approves the settlement. In her report, Ms. Knight indicated that she spoke to counsel for Plaintiffs and Defendant, as well as Jane Doe's mother. Ms. Knight also explained that she reviewed the relevant pleadings, conducted independent research into the law governing this dispute, and consulted with other attorneys in formulating her conclusions. At the hearing Ms. Knight explained that she had a reasonable time to acquaint herself with the facts and circumstances of the case. Specifically, Ms.

Knight stated that she was fully informed of Jane Doe's needs and expectations, the facts of liability, the disputed nature of the causes of action, and the nature of the damages claim. And considering her familiarity with the case and understanding of the governing law, Ms. Knight opined that the proposed settlement was a fair and reasonable resolution of the dispute because the Settling Defendants' liability (and extent thereof) was uncertain. Finally, after consulting with other attorneys in the area, Ms. Knight agreed that Jane Doe's counsel's fee (33%) and expenses were fair and reasonable. Ms. Knight recommended that the settlement be approved as in Jane Doe's best interest.

The Court is satisfied that Ms. Knight, a disinterested third-party and officer of the court, acted diligently in investigating, evaluating, and making recommendations to the Court of what is in the best interests of Jane Doe. Accordingly, the proposed settlement is **APPROVED**.

**IT IS THEREFORE, ORDERED, ADJUDGED** and **DECREED** that the Court approves the settlement of Plaintiff's claims against Defendants in the amount of **TWO HUNDRED THOUSAND** and NO/100 dollars ($200,000.00); and it is further **ORDERED**, that the settlement proceeds shall be disbursed as follows:

$129,300.38 for the benefit of Jane Doe. Funds will be deposited by Turley Law Firm into a Special Needs Trust for Jane Doe's benefit.

$66,666.67 payable to Turley Law Firm for attorney's fees;

$4,032.95 payable to Turley Law Firm for expense incurred in prosecuting Jane Doe's claims.

**IT IS FURTHER ORDERED**, that all of the payments made to the Plaintiffs pursuant to this Settlement Agreement are for damages received on account of personal physical injuries or physical sickness within the meaning of Section 104(a) (2) and Section 130 of the Internal

Revenue Code of 1986, as amended, and no portion of those amounts represent exemplary or punitive damages or damages other than actual damages on account of personal physical injuries or physical sickness; and it is further

ORDERED that the total payment of **TWO HUNDRED THOUSAND** and NO/100 dollars ($200,000.00) by or on behalf of Defendants Dallas Area Rapid Transit and Irving Holdings, Inc., shall operate as a full and complete release of this Judgment insofar as it allows any recovery by Plaintiffs from Defendants Dallas Area Rapid Transit and Irving Holdings, Inc.; and it is further

ORDERED that the Guardian ad-litem fees of $4,340 will be charged to Defendants; and it is further

ORDERED that upon payment of the above-referenced sums, that Defendants Dallas Area Rapid Transit and Irving Holdings, Inc., their insurer(s), agents, employees, employers, servants, representatives, and attorneys have no further obligation or responsibility to Plaintiffs, save and except for payments owed to Guardian Ad Litem and save and except for the intentional tort claims against Mohammad Izhar-Ul-Haq Ansari. Evidence of the payment of these funds shall operate as a full and complete release of this Judgment as to Defendants, and all released parties as set out in the Compromise Settlement Agreement and Release; and it is further

ORDERED that all claims on file in this lawsuit by Plaintiffs against Defendants Dallas Area Rapid Transit and Irving Holdings, Inc. are hereby dismissed with prejudice. The intentional tort claims against Mohammad Izhar-Ul-Haq Ansari are hereby preserved for further prosecution. All claims that could have been asserted by the Incapacitated Adult Female Plaintiff or their next of friend or guardian ad litem on their behalf against Defendants Dallas Area Rapid Transit and Irving Holdings, Inc. are hereby dismissed with prejudice, as well. All intentional tort claims against Mohammad Izhar-Ul-Haq Ansar are hereby preserved for further prosecution.

The Guardian Ad Litem, Camille M. Knight, is hereby awarded the sum of $4,340 for services rendered and expenses incurred by the Guardian Ad Litem, which said sum is hereby equally taxed as costs of court against the Defendants.

It further appears to the Court that all sums and costs herein have been fully paid as stated above by the Parties, or will be paid within 30 days of entry of this Agreed Judgment. Accordingly, **IT IS FURTHER ORDERED** that no execution shall issue hereon, this judgment being fully satisfied.

Any other and further relief not specifically provided herein is hereby **DENIED**.

**SO ORDERED.**

**SIGNED: July 12, 2024.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE